**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------ x
:
JEFFREY FROMMER, LYUSEN (LOUIS) :
KRUBICH, DANIEL FRIED and PAT CAPRA, :
:
                          Plaintiffs, :
v. :
:
MONEYLION TECHNOLOGIES INC. and :
CONTINENTAL STOCK TRANSFER & TRUST :
COMPANY, :
:
                          Defendants, :
:
MONEYLION TECHNOLOGIES INC., :
:
                 Counterclaim Plaintiff, :    Case No. 1:23-cv-06339-JMF
:
v. :
:
JEFFREY FROMMER, LYUSEN (LOUIS) :
KRUBICH, DANIEL FRIED and PAT CAPRA, :
:
               Counterclaim Defendants, :
:
MONEYLION INC., :
:
                 Third-Party Plaintiff, :
:
v. :
:
JEFFREY FROMMER, LYUSEN (LOUIS) :
KRUBICH, DANIEL FRIED and PAT CAPRA, :
:
                Third Party Defendants. :
:
------------------------------------------ x

## STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER

HON. JESSE M. FURMAN, U.S.D.J.:

      WHEREAS, the parties to this action having requested that the Court issue a protective order to protect the confidentiality of personal, financial and proprietary information that may need

to be disclosed to adversary parties or by third parties in connection with discovery in this case pursuant to the Federal Rules of Civil Procedure and otherwise;

WHEREAS, the parties having agreed to the following terms; and

WHEREAS, the Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Protective Order – including, without limitation, the parties to this action and their respective corporate parents, successors and assigns and their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – will adhere to the following terms:

1. Any material (which includes all items or information, regardless of the medium or manner in which they are generated, stored, or maintained, that are produced or generated in disclosures or responses to discovery or requests in this matter) supplied during the course of this litigation ("Discovery Material") that the disclosing party or entity (including parties and non-parties to this litigation) reasonably and in good faith believes to constitute or include confidential personal, financial or investment information, medical records, personnel records, or such other sensitive commercial information that is not publicly available (hereinafter, the "Protected Material") – including Protected Material supplied to the Court and/or the parties to this litigation by any disclosing party or entity prior to the entry of this Protective Order – may be designated "Confidential" at the disclosing party's or entity's election.  Any Protected Material the disclosing party or entity (including parties and non-parties to this litigation) reasonably and in good faith believe to qualify for a heightened level of protection under Federal Rule of Civil Procedure 26(c), including highly sensitive financial or marketing information, competitive technical information,

or competitive business information, may be designated as "Attorneys' Eyes Only" and, in addition to the protections afforded by "Confidential" treatment, shall also be restricted from any access by the parties.

2. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3. The protections conferred by this Protective Order cover not only the Protected Materials designated "Confidential" or "Attorneys' Eyes Only," but also (a) any information copied or extracted from the Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony or presentations regarding the Protected Material by any party or non-party.

4. The designation "Confidential" or "Attorneys' Eyes Only" does not mean that the document has any status or protection by statute or otherwise except to the extent and for purposes of this Protective Order.

5. Unless ordered by the Court or otherwise provided for herein, all Discovery Material, including but not limited to the Protected Material disclosed, will be held and used by the person receiving such information solely for use in connection with this action and for no other purpose.  The documents and testimony designated as "Confidential" or "Attorneys' Eyes Only" shall not be disclosed to the media, posted on the Internet or otherwise made public or used for any business, commercial, or other purpose not directly connected to this litigation.

6. Nothing in this Protective Order operates to create an admission by any party that Protected Material disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Protected Material disclosed, in accordance with applicable law and Court rules.

7. With respect to the Confidential or Attorneys' Eyes Only portion of any Protected Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only," as appropriate, by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. With respect to deposition or other transcripts, video recordings and exhibits, a producing person or that person's counsel may indicate on the record, at the time of a question, or in writing within 14 days following receipt of the final transcript or recording, that the testimony or certain questions call for the production of information designated Confidential or Attorneys' Eyes Only, in which case those portions of the transcript or recording of the designated testimony, or exhibits, shall be marked "CONFIDENTIAL INFORMATION GOVERNED BY PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY INFORMATION GOVERNED BY PROTECTIVE ORDER," as appropriate, by the reporter at the appropriate time.

8. If a non-party's Protected Material is sought to be produced by a party, the terms of this Protective Order are applicable to that information. In the event that a party is required, by a valid discovery request, to produce a non-party's Protected Material, that party shall (i) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party or is otherwise subject to an obligation of confidential treatment; (ii) promptly provide the non-party with a copy of the Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (iii) make the information requested available for inspection by the non-party, if requested. If a non-party fails to seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the non-party's

Protected Material responsive to the discovery request may be produced by the disclosing party. If the non-party timely seeks a protective order, the party who has received a request for Protected Material shall not produce any information in its possession or control that is subject to the obligation of confidentiality to the non-party before that motion has been adjudicated.  Absent a court order or agreement to the contrary, the non-party shall bear the burden and expense of seeking protection in this court of its Protected Material.

9. If at any time prior to the trial of this action, a producing person realizes that some portion of Protected Material that that person previously produced should be designated as "Confidential" or "Attorneys' Eyes Only," he or she may so designate such material by so apprising all parties in writing, and such designated portions of the Protected Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Protective Order.  The producing person shall be responsible for furnishing all parties with new copies of the Protected Material stamped or otherwise clearly marked as "Confidential" or "Attorneys' Eyes Only" in accordance with Section 7 above.

10. When a producing person gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11. No person subject to this Protective Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. The parties to this action and employees of the parties;

    b. Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

    c. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

    e. Any person retained by a party to serve as an expert witness, consultant, or investigator (including support personnel working with such individuals, if any) employed by the parties or counsel for the parties to assist in the preparation and trial of this action or otherwise to provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

    f. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as Attachment A hereto;

    g. Court reporters, stenographers, and video technicians engaged to transcribe or record depositions conducted in this action; and

    h. This Court and its personnel.

No person subject to this Protective Order other than the producing person shall disclose any of the Protected Material designated by the producing person as Attorneys' Eyes Only to any other person whomsoever, except to those persons listed in categories (b) through (h) of this Section 11.

12. Prior to any disclosure of any Protected Material to any person referred to in subparagraphs 11(d), 11(e), or 11(f) above, such person shall be provided by counsel with a copy

6

of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and upon request produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only," there is no presumption that such Protected Material will be filed with the Court under seal. To the extent necessary, the Parties agree to follow Rule 7 of Judge Furman's Individual Practices in all respects including, without limitation, to request that any document be filed under seal. Any party or person wishing or required to make redacted submissions shall comply with Rule 7 of this Court's Individual Practices.

14. Any party or producing person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person or party requesting production a written notice stating with particularity the grounds of the objection or request, or make production under a designation that limits disclosure and/or transmission of produced documents. If agreement cannot be reached promptly, counsel for all affected persons will send a letter to the Court. Nothing in this Protective Order or any action or agreement of a party or person under this Protective Order limits the Court's power to issue any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

15. If a party intends to present at trial Protected Material that has been designated as Confidential or Attorneys' Eyes Only or information derived therefrom, the documents or

testimony may be presented in open court at trial unless the party or producing person has sought and received an order from the Court preventing such use.

16. Each person who has access to Protected Material that has been designated as Confidential or Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of an inadvertent disclosure of Protected Material, the disclosing party and/or its counsel shall use reasonable efforts to secure the return or destruction of the inadvertently produced Protected Material.

17. Unless otherwise agreed or ordered, this Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, including appeals, if any, all Protected Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notation, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing person that it has done so. After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to the producing person or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

18. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated Confidential or Attorneys' Eyes Only, so long as that work product does not duplicate verbatim sequential portions of the text or images of Confidential or Attorneys' Eyes Only documents. This work product shall continue to be Confidential or Attorneys' Eyes Only under

this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use Confidential or Attorneys' Eyes Only documents.

19. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce or modify any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Applications to amend or modify this Protective Order may be made by the parties or any other persons with standing concerning the subject matter as may be warranted.

21. The Court retains discretion whether to afford confidential treatment to any document or information contained in any document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

Dated: February  9 , 2024

New York, New York

                **SO ORDERED.**

                _____
                Hon. Jesse M. Furman, U.S.D.J.

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

## ATTORNEYS' SIGNATURES

### STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

**KLEINBERG, KAPLAN,**
 **WOLFF & COHEN, P.C.**

By: _____
David Levy
Marc R. Rosen
Joshua K. Bromberg
Alisa Benintendi
Taeler Lanser

500 Fifth Avenue
New York, New York 10110
Telephone: (212) 986-6000
dlevy@kkwc.com
mrosen@kkwc.com
jbromberg@kkwc.com
abenintendi@kkwc.com
tlanser@kkwc.com

*Attorneys for MoneyLion Technologies Inc. and MoneyLion Inc.*

**KATTEN MUCHIN ROSENMAN LLP**

By: _____
Eliot Lauer
Nathaniel Ament-Stone

50 Rockefeller Plaza
New York, New York 10020
T: (212) 940-880
F: (212) 940-8776
eliot.lauer@katten.com
nathaniel.ament-stone@katten.com

*Counsel for Plaintiffs—Counterclaim/Third-Party Defendants Jeffrey Frommer, Lyusen (Louis) Krubich, Daniel Fried and Pat Capra*

## ATTACHMENT A

## NON-DISCLOSURE AGREEMENT

1. I have reviewed the Protective Order to which this Attachment A is annexed.

2. By my signature below, I agree to be bound to the terms and conditions of this Protective Order and hereby consent to personal jurisdiction in the U.S. District Court for the Southern District of New York for the purposes of enforcement of the Protective Order.

Dated:

_____