

**David M. Levy**
E-Mail: dlevy@kkwc.com
Direct Dial: 212.880.9894

April 3, 2024

**VIA ECF**

Hon. Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

      Re:      *Frommer, et al. v. MoneyLion Techs. Inc. et al.*, No. 23-cv-06339 (JMF)

Dear Judge Furman:

      We represent Defendant and Counterclaim-Plaintiff MoneyLion Technologies Inc. and Third-Party Plaintiff MoneyLion Inc. (together, "MoneyLion") in the above-referenced matter. Pursuant to Rule 3.E of Your Honor's Individual Rules and Practices in Civil Cases, we write in opposition to Plaintiffs' April 1, 2024 letter-motion (the "Motion") (ECF No. 78).

      As with their first motion to compel, the gist of Plaintiffs' Motion is that MoneyLion *should* be moving faster to fulfil its discovery obligations, as unilaterally defined by Plaintiffs – but not that it has failed to do so. Plaintiffs offer only generalities and conspicuously avoid the actual substance of what MoneyLion has done over the one month since the Court's February 28, 2024 order disposing of the previous motion to compel (ECF No. 77).[1]

      Despite the offhand reference to the "extensive back-and-forth correspondence" since February 28, Plaintiffs fail to mention that MoneyLion has given Plaintiffs full transparency as to its ongoing efforts to complete document production, and at Plaintiffs' request has committed to review and produce certain categories of documents on an expedited basis. Yet, despite MoneyLion's full disclosure of its diligent efforts to meet that commitment, and its expectation that it will be able to do so on a rolling basis as early as next week, Plaintiffs inexplicably seek relief from the Court. Plaintiffs also fail to advise the Court that we agreed during our March 27 meet-and-confer to consider the possibility of prioritizing third-party depositions, instead falsely representing that MoneyLion "refused" to allow those depositions to proceed. After addressing the issue with MoneyLion, we are agreeable, subject to an agreement on scheduling, to proceed with third-party depositions of DLA Piper, Dual and CFGI, rendering that portion of Plaintiffs'

---

[1] The Court's familiarity with the history of discovery in this case prior to February 28, 2024, as set forth in MoneyLion's February 27, 2024 opposition to Plaintiffs' previous motion to compel (ECF No. 76) is presumed and will not be repeated in full.



Hon. Jesse M. Furman
April 3, 2024

motion moot.[2]  Under the circumstances, Plaintiffs' Motion is meritless and should be denied in its entirety.

As the Court will recall, due to the challenges presented by retrieving and transferring over four terabytes of potentially responsive data maintained by MoneyLion (including Plaintiffs' own legacy email archives), it was only at the end of February that MoneyLion's discovery vendor received the full volume of data for processing and review.  *See* ECF No. 77 at 3.  On February 29, 2024, the day following the Court's ruling, MoneyLion's counsel requested a meet-and-confer to discuss, among other things, the logistics of MoneyLion's document review and the expected timeline for completion of discovery.  *See* Ex. 1 at 2 (02/29 email from N. Ament-Stone ("NAS") to D. Levy ("DML")).  Counsel met and conferred on March 8, at which time we explained to Plaintiffs' counsel that MoneyLion's custodial data had been processed and we proposed search terms to be applied to the population so that review could commence in earnest.  *See* Ex. 2, at 8 (03/08 email from A. Benintendi to NAS).  MoneyLion's counsel also reiterated to Plaintiffs that "a modest extension of the current discovery deadlines appears necessary in light of the practical and logistical hurdles we have faced … and in particular the disproportionate burden that MoneyLion faces by virtue of possessing both Plaintiffs' and MoneyLion's electronic communications."  *Id.*; *see also* Dkt. 77 at 3, n.2 (stating MoneyLion's intention to discuss an appropriate extension).  Plaintiffs ignored that request, instead seizing on the language of the Court's February 28 order and seeking to make a false record that MoneyLion had not been diligent in its efforts to review and produce documents.  *See id.* at 12.  Over the next several weeks, MoneyLion continued to reiterate its requests for a modest extension, but Plaintiffs repeatedly demanded that MoneyLion accelerate its production efforts, while refusing to agree to any extension not conditioned on substantive concessions from MoneyLion.  Ex. 2, at 4 (3/13 email from DML to NAS) & 1 (3/21 email from DML to NAS); Ex. 3 (3/19 email from DML to NAS); Ex. 4 (3/21 email from DML to NAS).

Contrary to Plaintiffs' baseless assertions that MoneyLion has stalled the progress of document discovery since February 28, 2024, it cannot be disputed that MoneyLion has: (i) produced nearly *two million* pages of documents from Malka's email archives on March 6 and March 20, 2024, reflecting Plaintiffs' internal communications from June 1, 2021 through May 19, 2023; (ii) commenced review of MoneyLion's custodial emails with the assistance of a review team consisting of 13 contract attorneys; (iii) implemented an advanced technology-assisted review (TAR) methodology to expedite the review and to ensure that the most relevant documents are prioritized for review and production; (iv) completed the primary review of approximately 30,000 documents for responsiveness and privilege in anticipation of its next rolling production as early as next week; and (v) extensively addressed with Plaintiffs' counsel in written correspondence and during several meet-and-confer sessions (a) the resolution of myriad privilege

---

[2] Plaintiffs have mistakenly requested an order permitting them to examine Fox Rothschild (their own lawyers for the MoneyLion acquisition).  While the Fox firm did produce documents in response to a subpoena *duces tecum* issued by our firm, neither party has subpoenaed those lawyers for a deposition.



Hon. Jesse M. Furman
April 3, 2024

objections by both parties concerning hundreds of documents initially withheld by several non-parties; (b) issues relating to apparent violations of Plaintiffs' restrictive covenants; and (c) the as-yet unresolved issue concerning Plaintiffs' refusal to produce any of their personal Gmail correspondence during relevant times before, during and after their affiliation with MoneyLion.

Plaintiffs again ask this Court for unprecedented relief that is entirely inconsistent with MoneyLion's obligations under the Federal Rules of Civil Procedure or the Local Civil Rules. Based on unsustainable allegations that MoneyLion has been slow-walking discovery—a contention belied by the documentary record over the past month—Plaintiffs now seek to compel MoneyLion to produce "all" documents from certain date ranges by specific dates, without regard to the volume of documents in those date ranges or the logistical challenges faced by MoneyLion in reviewing the documents for responsiveness and privilege and producing them.  It should not go unnoticed that Plaintiffs have taken more than four months to respond to MoneyLion's request for the production of their own responsive Gmail correspondence, finally advising us during our March 29 meet-and-confer that they need an additional ten days to finalize their review without even committing to produce a single document.

MoneyLion has already agreed to prioritize for review and production Plaintiffs' first category of documents ("all responsive documents created between October 1–November 15, 2021").  MoneyLion expects to produce all such non-privileged documents on or before April 12 and, accordingly, there is no need for judicial intervention to compel MoneyLion to do so. Moreover, MoneyLion's review team is currently reviewing the second category of documents ("all responsive documents created between (a) January 1–March 30, 2022, and (b) January 1–April 14, 2023"), which will be produced in due course, as MoneyLion already has committed to do.  At present, however, it is impossible to commit to a date certain by which MoneyLion will complete its review and production, although MoneyLion has committed to review and produce documents as expeditiously as possible given the constraints imposed by volume and available resources.  MoneyLion has not been dilatory in its efforts, and Plaintiffs' request to compel MoneyLion to produce the second category of documents by April 19 would serve no purpose other than to place MoneyLion in the position of having to meet an impossible deadline.

We respectfully submit that the purported urgency of Plaintiffs' motion is rooted in their own steadfast insistence on meeting the current fact discovery deadline of May 31, 2024, despite circumstances beyond our control that require more time.  MoneyLion has done everything reasonably possible to meet the deadlines imposed by the Civil Case Management Plan and Scheduling Order, but has repeatedly urged Plaintiffs that the May 31 deadline is unworkable under the circumstances and that a reasonable extension of that deadline is warranted.  Plaintiffs have persistently refused, and have instead unreasonably insisted on prioritizing MoneyLion's production of documents to suit Plaintiffs' stated needs.

Based on the foregoing, Plaintiffs' motion should be denied in all respects, and the parties should be ordered to continue their meet-and-confer efforts.



Hon. Jesse M. Furman
April 3, 2024

Respectfully submitted,

David M. Levy

DML:jlf

The Court agrees with Plaintiff that the pace of disclosure needs to pick up.  In light of MoneyLion's statement that it "expects to produce" the first category of documents by April 12, 2024, Plaintiff's request for an order to that effect is granted.  So too, Plaintiff's request for leave to take the non-party depositions on or after April 17, 2024, regardless of the timing of party depositions, is granted as it is effectively unopposed.  Unless and until the Court orders otherwise, MoneyLion shall produce the second category of documents no later than April 26, 2024.

The Clerk of Court is directed to terminate Docket No. 78.

SO ORDERED.

April 8, 2024