UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                        :

JEFFREY FROMMER et al.,                       :

                      Plaintiffs,      :

      -v-                            :

MONEYLION TECHNOLOGIES INC. et al.     :

                      Defendants,    :

MONEYLION TECHNOLOGIES INC.,      :

                  Counterclaim Plaintiff,  :          23-CV-6339 (JMF)

      -v-                            :       <u>MEMORANDUM OPINION</u>
                                         :             <u>AND ORDER</u>

JEFFREY FROMMER et al.              :

                  Counterclaim Defendants, :

MONEYLION INC.,                :

                  Third-Party Plaintiff,  :

      -v-                            :

JEFFREY FROMMER et al.              :

                  Third-Party Defendants.  :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This case, familiarity with which is assumed, is the fallout from an acquisition gone

wrong.  In July 2023, Sellers — Jeffrey Frommer, Lyusen (Louis) Krubich, Daniel Fried, and Pat

Capra, who founded and co-owned Malka Media Group LLC, the acquired company — sued

MoneyLion Technologies Inc. ("MLTI"), the buyer, and its parent company MoneyLion Inc.

(together, "MoneyLion"), alleging that MLTI blocked the Sellers from accessing MoneyLion

shares of MoneyLion in violation of the Membership Interest Purchase Agreement ("MIPA").

*See* ECF No. 9.  Thereafter, MoneyLion brought Counterclaims and a Third-Party Complaint

alleging, among other things, breach of the MIPA and that Sellers had "engaged in fraud" before

and after the acquisition by "presenting financial reporting to MoneyLion that was grossly

exaggerated and untrue."  ECF No. 54 ("Counterclaims"), ¶ 4.  In an Opinion and Order filed on

May 14, 2024, the Court granted in part and denied in part Seller's motion to dismiss all of those

claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Most relevant here, the

Court dismissed Count VIII, MoneyLion's claim for breach of Section 3.06 of the MIPA, on the

ground that MoneyLion had failed to provide Sellers with timely notice of the claim as required

by Section 8.01 of the MIPA.  *See Frommer v. MoneyLion Techs Inc.*, No. 23-CV-6339 (JMF),

2024 WL 2158589, at *8, 11 (S.D.N.Y. May 14, 2024) (ECF No. 98).  The Court denied leave to

amend that claim on the ground that any amendment would be futile and that, in any case,

MoneyLion had not requested further leave to amend after already having amended its pleadings

once.  *Id.* at *11.  Nevertheless, on June 12, 2024, MoneyLion filed a motion, pursuant to Rules

15 and 16 of the Federal Rules of Civil Procedure, for leave to amend its Counterclaims and

Third-Party Complaint to allege that it did, in fact, provide Sellers with timely notice of its

claims in Count VIII.  *See* ECF No. 106; *see also* ECF No. 108 ("MoneyLion's Mem.").

MoneyLion's motion is DENIED.  For starters, although framed as a motion to amend,

the motion is in actuality a motion for reconsideration of the Court's May 24, 2024 Opinion and

Order.  As noted, in that Opinion and Order, the Court denied MoneyLion leave to amend Count

VIII.  Contrary to MoneyLion's assertion, that ruling does indeed "preclude" MoneyLion from

amending its pleading — absent reconsideration.  ECF No. 112 ("Reply Mem."), at 9 n.4.  And

as MoneyLion implicitly concedes, there is no basis for reconsideration.  The facts upon which

MoneyLion now relies to seek amendment were indisputably available to it when it opposed Sellers' motion to dismiss (and, before that, when it was granted leave to amend, and did amend, in response to Sellers' first motion to dismiss).  Yet MoneyLion did not even "substantively respond to Sellers' argument that Count[] VIII . . . should be dismissed as untimely."  *Frommer*, 2024 WL 2158589, at *7; *see id.* at *8 ("MoneyLion does not dispute Sellers' account . . . that the [May 15, 2023] letter 'made no mention of GAAP, ASC 606, Schedules A or B, or any opinion or statement from independent accountants' to the extent that it noticed a claim for breach of Section 3.06 [of the MIPA]." (quoting ECF No. 62, at 7)).  Nor did MoneyLion seek leave to amend.  In other words, MoneyLion seeks now to make arguments that it could have, but failed to make, before.  To entertain those arguments at this juncture would be to give MoneyLion "a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).  The Court will not do so.

Even if MoneyLion's motion is properly construed as a motion for leave to amend rather than a motion for reconsideration, denial is still warranted.  As MoneyLion concedes, to warrant leave, it must meet not only the standard set forth in Rule 15(a)(2), but also the standard set forth in Rule 16(b)(4) because the November 27, 2023 deadline to file an amended pleading has long since passed.  *See* ECF No. 60, at 2; *see* MoneyLion's Mem. 14.  Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and it is well established that the "primary consideration" in determining whether "good cause" exists is "whether the moving party can demonstrate diligence," *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *accord Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018).  MoneyLion cannot meet that standard here, as it had multiple opportunities to amend (or seek leave to amend) its pleading

3

prior to the November 27, 2023 deadline: In August 2023, when it filed its original pleading, *see* ECF No. 37; in September 2023 when it was granted leave to amend, and in October 2023 when it did amend, its pleading in response to Sellers' first motion to dismiss, which raised the very same argument about timeliness (and was explicitly warned by the Court that it would "not be given any further opportunity to amend . . . to address" that argument), *see* ECF Nos. 51, 53, 54; and on November 17, 2023, when it opposed Sellers' second motion to dismiss, *see* ECF No. 65. Put simply, "[a] party fails to show good cause when," as here, "the proposed amendment rests on information that the party knew . . . in advance of the deadline." *Alaska Elec. Pension Fund*, 306 F. Supp. 3d at 626.

Notably, MoneyLion effectively gives the game away by conceding (in an effort to establish that it did not act in bad faith) that its "failure to amend Count VIII earlier was an oversight" on the part of its prior counsel. MoneyLion's Mem. 14; *see also id.* ("[A]lthough MoneyLion did not seek to amend the claim earlier, its new counsel has worked diligently since the Court issued its [May 14, 2024] decision . . . ."); Reply Mem. 10 ("MoneyLion's *new counsel* acted diligently in making this motion . . . ." (emphasis added)). After all, "case law is unequivocal that 'attorney neglect, carelessness, or oversight is not a sufficient basis for a court to amend a Scheduling Order pursuant to Rule 16(b)." *Nunez v. Shinobi NY LLC*, No. 12-CV-5313 (LTS) (KNF), 2013 WL 12107728, at *4 (S.D.N.Y. Sept. 13, 2013) (internal quotation marks omitted) (citing cases); *accord Scott v. City of New York Dep't of Correction*, No. 04-CV-9638 (SHS) (GWG), 2007 WL 4178405, at *4 (S.D.N.Y. Nov. 26, 2007) ("The mistake or inadvertence of counsel will not support a finding of good cause." (cleaned up) (citing cases)). MoneyLion tries to evade the consequences of its concession by pivoting to argue that Sellers would not be prejudiced by granting leave to amend. *See* MoneyLion's Mem. 14-15; Reply

4

Mem. 9-10.  But Sellers' assertions of prejudice at this late date, *see* ECF No. 111 ("Opp'n Mem."), at 10-11, are not wholly without merit.  And, in any event, "while a court '*may* consider' prejudice (or lack thereof) in deciding whether the 'good cause' standard has been met, the Second Circuit has emphasized that 'the *primary* consideration is whether the moving party can demonstrate diligence.'  That makes sense, as the 'good cause' standard is intended not only to ensure fairness to both sides, but also to ensure that district courts can effectively manage their dockets and prevent undue delays in the disposition of cases.   Put simply, deadlines matter . . . ." *In re General Motors LLC*, No. 14-MC-2543 (JMF), 2016 WL 2766654, at *2 (S.D.N.Y. May 12, 2016) (initial emphasis added) (citations omitted) (quoting *Kassner*, 496 F.3d at 244).

In short, MoneyLion's motion for leave to amend the Counterclaims and Third-Party Complaint is DENIED.  That said, Sellers' throwaway request for attorney's fees and costs on the ground that MoneyLion's motion was frivolous, *see* Opp'n Mem. 11, is denied as meritless.

The Clerk of Court is directed to terminate ECF No. 106.

SO ORDERED.

Dated: July 22, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge