# CAHILL GORDON & REINDEL LLP
## 32 OLD SLIP
## NEW YORK, NY 10005

DANIEL AMATO
DANIEL R. ANDERSON
PETER J. ARMENIO
HELENE R. BANKS
ANIRUDH BANSAL
LANDIS C. BEST
CHRISTOPHER BEVAN
BROCKTON B. BOSSON
DONNA M. BRYAN
SARAH W. CHEN
EMEKA C. CHINWUBA
JAMES J. CLARK
CHRISTOPHER W. CLEMENT
ANDREW COCHRAN
LEWIS RINAUDO COHEN
AYANO K. CREED
SEAN M. DAVIS
STUART G. DOWNING
MICHAEL A. DVORAK
ADAM M. DWORKIN
ANASTASIA EFIMOVA

SAMSON A. ENZER
JAMES Z. FANG
GERALD J. FLATTMANN JR.
KIERSTEN A. FLETCHER
HELENA S. FRANCESCHI
JONATHAN J. FRANKEL
SESI GARIMELLA
ARIEL GOLDMAN
PATRICK GORDON
JASON M. HALL
STEPHEN HARPER
CRAIG M. HOROWITZ
TIMOTHY B. HOWELL
COLLEEN TRACY JAMES
DAVID G. JANUSZEWSKI
BRIAN S. KELLEHER
ANDREW R. KELLY
RICHARD KELLY
JOEL KURTZBERG
TED B. LACEY
ANDREW E. LEE

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006-1181
(202) 862-8900

221 W. 10th STREET, 3rd FLOOR
WILMINGTON, DE 19801
(302) 884-0000

CAHILL GORDON & REINDEL (UK) LLP
20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

WRITER'S DIRECT NUMBER

ALIZA R. LEVINE
JOEL H. LEVITIN
MARK LOFTUS
JOHN MacGREGOR
MICHAEL MAKHOTIN
TRISTAN E. MANLEY
BRIAN T. MARKLEY
MEGHAN N. McDERMOTT
EDWARD N. MOSS
JOEL MOSS
NOAH B. NEWITZ
EDWARD C. O'CALLAGHAN
JULIANA OBREGON
JAVIER ORTIZ
DAVID R. OWEN
JOHN PAPACHRISTOS
LUIS R. PENALVER
SHEILA C. RAMESH
MICHAEL W. REDDY
OLEG REZZY
THOMAS ROCHER *

NIKOLAS X. RODRIGUEZ
PETER J. ROONEY
MATTHEW E. ROSENTHAL
THORN ROSENTHAL
TAMMY L. ROY
ANDREW SCHWARTZ
DARREN SILVER
JOSIAH M. SLOTNICK
RICHARD A. STIEGLITZ JR.
GREGORY STRONG
SEAN R. TIERNEY
AMIT TREHAN
HERBERT S. WASHER
FRANK WEIGAND
MILES C. WILEY
PETER G. WILLIAMS
DAVID WISHENGRAD
C. ANTHONY WOLFE
ELIZABETH M. YAHL

* ADMITTED AS A SOLICITOR IN
ENGLAND AND WALES ONLY

(212) 701-3833

January 13, 2025

Re:    *Frommer, et al* v. *MoneyLion Technologies Inc.*, 23-cv-6339 (JMF)

Dear Judge Furman:

MoneyLion Technologies Inc. and MoneyLion Inc. (together "MoneyLion") respectfully submit this letter in response to Sellers' January 10, 2025 request (ECF No. 169; "Sellers' Jan. 10 Letter") to maintain under seal nine lines of text in MoneyLion's Opposition to Plaintiffs' Proposed Findings of Facts and Conclusions of Law. MoneyLion has no objection to Sellers' request that these lines remain sealed—and indeed MoneyLion redacted these lines to permit Sellers to make such a request—but Sellers completely misconstrue the relevance of the subject text messages to MoneyLion's claims.

Sellers have submitted what is in effect a motion *in limine* to exclude evidence—which Sellers disclaimed any intention of making at the August 29, 2024 conference (ECF No. 124 at 12:21-22)—under the guise of a sealing request. But Sellers wrongly state that MoneyLion placed these texts on its Exhibit List (per the Court's procedures) solely to be able to use them for impeachment purposes. *See* Sellers' Jan. 10 Letter at 1 (stating that MoneyLion's "basis for including this material is Mr. Frommer's credibility as a witness"). Rather, MoneyLion was clear in its December 20, 2024 Proposed Findings of Fact and Conclusions of Law (the "December 20 Submission"), and again in its January 7, 2025 Opposition to Plaintiffs' Proposed Findings of Fact and Conclusions of Law (the "January 7 Submission"), that the text messages are proof of Sellers' fraud against MoneyLion. Specifically, as MoneyLion described in its December 20 Submission, during a June 30, 2021 pre-acquisition phone call among Dee Choubey (MoneyLion's CEO), Jeffrey Frommer, and Louis Krubich, Mr. Choubey explained that the transaction was "'all about the people, it's all about the two of you [Messrs. Frommer and Krubich] and making sure that we've [MoneyLion] done our homework on the two of you as our first priority.'" December 20 Submission at 31 (quoting JX009, recording of June 30, 2021 call). Mr. Choubey therefore "said he needed to know 'skeletons in the closet type of stuff

CAHILL GORDON & REINDEL LLP

-2-

that—bad boy acts and those types of things.'" *Id*. Mr. Frommer told Mr. Choubey that Sellers "had 'nothing to hide' and Mr. Krubich did not correct Mr. Frommer." *Id*.; *see also* January 7 Submission at 39 ("Mr. Frommer was the one who told Mr. Choubey that he had no "skeletons" to hide even though he had been the subject of three Human Resources complaints by women who worked for him.").

The text messages referenced in the December 20 Submission and the January 7 Submission show that Mr. Frommer and Mr. Krubich did, indeed, have hidden "skeletons"—a longstanding pattern of bigoted and inappropriate comments and behavior, along with apparent illicit conduct referenced in the messages— which they dishonestly concealed from MoneyLion; *that* is the primary relevance of the messages. *See* January 7 Submission at 39 ("Also unbeknownst to MoneyLion, Mr. Frommer and the other Sellers were simply not who they said they were, apparently being prone to bigoted and otherwise inappropriate language."). The messages are clearly admissible as direct proof of the fraud, specifically the misrepresentations that Mr. Frommer and Mr. Krubich made regarding their character in advance of the acquisition; and as evidence of Sellers' intent to defraud MoneyLion during the 2021 negotiations, admissible under Federal Rule of Evidence 404(b). *See King* v. *Wang*, No. 14-CV-7694 (LJL), 2021 WL 5232454, at *2 (S.D.N.Y. Nov. 9, 2021) (permitting evidence of separate but related fraud to show plan (and opportunity) in support of RICO claim); *see also United States* v. *Bankman-Fried,* No. S6 22-CR-0673 (LAK), 2023 WL 6283509, at *1 (S.D.N.Y. Sept. 26, 2023) (admitting evidence of misstatements to financial institution, a severed charge, as direct evidence of the charged fraud, and as Rule 404(b) evidence of defendants' "fraudulent intent and knowledge").

Accordingly, nothing about MoneyLion's references to these messages was "disingenuous." (Sellers' Jan. 10 Letter at 1). Rather, what is "disingenuous" is for Sellers to feign surprise at MoneyLion's references to the messages. MoneyLion examined Mr. Frommer about the content of these text messages during his August 14, 2024 deposition, and made clear that their relevance was putting the lie to Mr. Frommer's assurance to Mr. Choubey that Sellers had "nothing to hide" in terms of "skeletons." For example, MoneyLion's counsel asked Mr. Frommer, "█████████████████████████████████████████████████████████ █████████████████████████████████████████████████" (Frommer Tr. 404:9-12), and "███████████████████████████████████████████████████████████" Frommer Tr. 408:12-16. And *after* Mr. Frommer's deposition, knowing that the text messages would be at issue, and their relevance, Sellers' represented to the Court on August 29, 2024, that they did not intend to move *in limine* to exclude any evidence. *See* ECF No. 124 at 12:21-22.

MoneyLion then included the referenced text messages in its Exhibit List. *See* December 20, 2024 Joint Pretrial Order Exhibit C3 (DX368-DX395). MoneyLion then referenced similar text messages in its December 20 Submission. *E.g.* December 20 Submission at 31-32 ("DX003 at MoneyLion_02079789 (September 30, 2016 texts between Krubich and Frommer in which Frommer explains that the "Girls here are all TENs," "I've been hard the whole time," to which

CAHILL GORDON & REINDEL LLP

-3-

Krubich responds "wait until you get to the office and see this intern roster we have right now"). And before filing both the December 20 Submission and the January 7 Submission, counsel for MoneyLion sought Sellers' position on the filing of Attorneys' Eyes Only materials, and agreed to Sellers' request that those materials be provisionally redacted in MoneyLion's public filings. At no time did Sellers argue that MoneyLion should be prohibited from using the text messages in its submission, as they do now. ***In fact, Sellers did not even ask the Court to seal the above-quoted references to their text messages in MoneyLion's December 20 Submission***, which calls into serious question the sincerity of Sellers' current position.

Nor can Sellers plausibly argue that MoneyLion should be precluded from citing in its papers exhibits to which Sellers have objected, since Sellers do the same thing in their papers. *See, e.g.*, Plaintiffs' Proposed Findings of Fact and Conclusions of Law, ¶ 76 (citing PX084 (FRE 802)); ¶ 114 (citing Halbert Dep. Tr. 115:11-116:21 (FRE 106, calls for improper legal conclusion, FRE 602 objections)); ¶ 562 (citing *inter alia* Harrington Dep. Tr. 28:24-29:15 (FRE 401 objection)). Nor is there any rule prohibiting the parties from doing so; such a rule would allow a party to preclude its adversary from arguing from a document simply by objecting to it (as Sellers are trying to do here).

While MoneyLion does not object to Sellers' sealing request, MoneyLion strongly objects to Sellers' request to preclude MoneyLion from using relevant evidence (in the guise of seeking an order directing MoneyLion to re-file the January 7 Submission without the evidence). *See* January 10 Letter at 3. Sellers' request has no basis in law (and they cite none), and all of Sellers' objectives can be accomplished by maintaining the references under seal, to which MoneyLion has no objection. As far as the admissibility of the evidence, Sellers have raised their objection, and MoneyLion has responded, and will be prepared to address Sellers' objections at the appropriate time. There is no basis for Sellers to seek the preclusion of relevant evidence of their fraud simply because their own words reveal them in an unflattering light.

Accordingly, other than Sellers' sealing request, to which MoneyLion does not object, Sellers' other requests in their January 10 Letter should be denied.

Respectfully submitted,

/s/ Sheila C. Ramesh
Sheila C. Ramesh

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, New York 10007

BY ECF
cc:    Counsel of Record