# Katten

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**+1.212.940.8800 tel**
**katten.com**

**JULIA B. MOSSE**
julia.mosse@katten.com
+1.212.940.7010 direct
+1.212.940.8776 fax

April 28, 2025

**VIA ECF**
Hon. Jesse M. Furman
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Frommer et al. v. MoneyLion Techs. Inc. et al.*, No. 1:23-cv-06339-JMF

Dear Judge Furman:

After 10:00 pm last night (Sunday), we received an email from MoneyLion's counsel at Cahill ambushing us with new testimony that they apparently intend to offer this morning through their accounting expert, Mr. Dudney. This testimony is not only untimely, but it is also outside the scope of his expert reports submitted during discovery and trial affidavit submitted on December 20, 2024.

While MoneyLion wrote to the Court last night that it was simply correcting certain "citations" and "numbers" in Mr. Dudney's affidavit (ECF No. 213), what MoneyLion has in fact done in revised paragraph 77 of Mr. Dudney's affidavit—and in an exhibit and demonstrative set of slides that MoneyLion emailed to us at 10:11 p.m. but has not yet shared with the Court—is tried to sneak in an entirely new calculation of the purported "fair market value" adjustment to Malka's 2022 revenue and EBITDA that Mr. Torossian originally calculated in the 2022 Earnout Statement back in April 2023 (JX112). This new calculation appears nowhere in Mr. Dudney's trial affidavit or in either of his two expert reports submitted in discovery. Mr. Dudney even testified at his deposition that his expert reports only addressed "conceptual concerns that Ms. Larson raised with respect to the concept of using a cost plus analysis" as a measure of "fair market value" and that he "wasn't attempting to recalculate what [MoneyLion] did or to opine one way or the other about its accuracy." (Dudney Dep. Tr. 439).

In his revised affidavit filed last night, Mr. Dudney claims that he is submitting this new calculation "in light of trial testimony from Mr. Torossian and Ms. Larson[.]" (ECF No. 214, Revised Dudney Aff. 77). First, both sides had to submit written direct testimony on December 20, 2024. Neither side was permitted to offer new written direct testimony in response to the trial testimony of other witnesses. Second, Mr. Dudney cannot offer testimony at trial that is outside the scope of his expert reports. Third, on timing alone, this is just sharp practice and should be rejected. Mr. Dudney claims to be responding to trial testimony of Mr. Torossian and Ms. Larson. Both submitted written affidavits on December 20, 2024. Mr. Torossian testified in court on April

# Katten

April 28, 2025
Page 2


2, 2025. Ms. Larson testified last Friday, April 25, 2025, and MoneyLion chose not to ask her a single question on the "fair market value adjustment" for 2022. MoneyLion was not permitted to offer this new testimony at any time, but dropping it on us after 10 pm the night before Mr. Dudney's testimony is truly egregious.

Plaintiffs have argued since May 2023 that MoneyLion's "fair market value" adjustment is improper and should be rejected. MoneyLion apparently now agrees that its calculation included in the April 14, 2023 Earnout Statement (JX112) is incorrect. If MoneyLion wants to stipulate that its $1.2 million adjustment is incorrect, that is fine. But what it cannot do is offer a recalculation of the adjustment for the first time, the night before Mr. Dudney's testimony, when it chose not to offer this calculation through Mr. Dudney, or any of its witnesses, in a timely fashion.

Accordingly, Plaintiffs respectfully request that the Court strike the newly inserted sentence from paragraph 77 of Mr. Dudney's revised affidavit (ECF No. 214) and preclude Mr. Dudney from offering any recalculation of the "fair market value" adjustment.

Respectfully submitted,

*/s/ Julia B. Mosse*

Julia B. Mosse


Cc:     All counsel of record