```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JEFFREY FROMMER et al.,                                           :
                                                                  :
                               Plaintiffs,                        :
                                                                  :     23-CV-6339 (JMF)
               -v-                                                :
                                                                  :          ORDER
MONEYLION TECHNOLOGIES INC. et al.,                               :
                                                                  :
                               Defendants.                        :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Summations in this case (which will be more akin to oral argument than traditional summations) are scheduled for **May 5, 2025**, at **10:00 a.m.** In their summations, the parties should obviously address (1) how Schedule A, Schedule B, and Section 3.06 of the MIPA should be interpreted; and (2) what the parties believed or represented about Malka's compliance with ASC 606 before the MIPA was executed. Subject to further order of the Court, counsel should also be prepared to address the following topics:

- **Construction of Ambiguous Contract Terms:** How, if Schedules A and B do suggest that Malka's revenue recognition was not compliant with ASC 606, that should be reconciled with the inclusion in the MIPA of Malka's financial statements stating Malka complied with ASC 606. In addition, if those provisions conflict, whether the Court should look to extrinsic evidence to resolving any resulting ambiguity in the text of the MIPA.

- **The Intentions of the Contracting Parties**: If the Court looks to extrinsic evidence in interpreting the MIPA, whether the Court is limited to considering the intent of particular employees or representatives of the parties and, if so, which employees and representatives.

- **Post-Agreement Conduct:** Whether the Court should consider the conduct of the parties *after* the execution of the MIPA — such as their actions surrounding the calculation of

the adjustment for the 2021 Stub Period — in connection with interpreting the MIPA's terms, and, if so, what specific conduct is most illuminating.

- **The Finality of the 2021 Earnout:** Whether the MIPA's statement in Section 2.06(b)(iii) that the Revenue and EBITDA Statement as calculated by the Buyer shall be "deemed final" if Sellers fail to object within 45 days precludes Defendants from challenging Plaintiffs' entitlement to the 2021 Earnout under the MIPA in this action.

- **Consistency of 2021 and 2022 Earnout Calculations:** Whether the MIPA's statement in Section 2.06(b)(i) that Malka's revenue and EBITDA for the 2021 Earnout and the 2022 Earnout "shall be calculated using substantially consistent methods and practices" precludes some or all of MoneyLion's adjustments to Malka's revenue and EBITDA for the 2022 Earnout.

- **MoneyLion's Adjustments to Malka's 2022 Revenue and EBITDA:** What provision or provisions of the MIPA precluded MoneyLion from making business decisions that affected Malka's 2022 revenue and EBITDA such as: (1) applying a 401(k) match of 4%; (2) paying bonuses to Malka employees; and (3) paying severance to former Malka employees.  Separately, what provision or provisions of the MIPA allowed MoneyLion to reduce Malka's 2022 revenue and EBITDA to account for (1) the double count of retained teams and (2) the fair market value of Malka's services to MoneyLion.

- **Resolution of Disputes Under the MIPA**: Whether the parties' failure to follow through with the process set forth in Section 2.06(b)(iv) of the MIPA for resolution of disputes should affect either party's ability to raise any specific claims or seek any specific relief in this Court as to the 2021 Earnout or the 2022 Earnout.  Separately, whether that Section's statement that "the decision of the Independent Accountant for each [] item and amount in dispute must be within the range of values assigned to each such item as provided in the written submissions" limits either party's ability to propose values outside of the range defined by Plaintiffs' Revenue and EBITDA Earnout Statement of Objections and Defendants' Revenue and EBITDA Statement.

- **Defendants' Remedies:** Whether, if Defendants prevail on their counterclaims, they are seeking complete or partial recission of the MIPA, money damages against Plaintiffs, or both, and, to the extent Defendants seek recission, how that remedy would be structured.

- **The 2022 Earnout Payment Issuance Date**: If the Court concludes Plaintiffs are entitled to damages or specific performance related to the 2022 Earnout, how it should determine the appropriate 2022 Earnout Payment Issuance Date.

- **Plaintiffs' Request for Specific Performance**: What impact, if any, the recent acquisition of MoneyLion's by Gen Digital has on Plaintiffs' ability to seek specific performance as a remedy under the MIPA and how the acquisition bears on how any

award of damages or specific performance should be calculated.  Further, what effect, if any, the reverse stock split effective April 24, 2023, has on Plaintiffs' potential recovery and whether, as a result of the split, the price floors in the MIPA should be understood to have increased by the same multiplier as MoneyLion's share price.

- **The Settlement with DUAL**: Whether any damages awarded to Defendants against Plaintiffs should be reduced by the amount of MoneyLion's settlement with DUAL, and, if so, whether the reduction depends on the specific claim or claims for which Defendants are determined to have prevailed and/or settled.

- **Defendants' Recoupment Defense:** Whether any damages awarded to Plaintiffs against Defendants should be reduced by the amount Defendants would have been awarded if allowed to pursue their time-barred claims alleging Plaintiffs' breaches of the MIPA.  *See* ECF No. 98, at 17-19.

SO ORDERED.

Dated: May 1, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge