# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

| | | |
|---|---|---|
| 1990 K STREET, N.W.<br>WASHINGTON, DC 20006<br>(202) 862-8900 | 221 W. 10th STREET<br>WILMINGTON, DE 19801<br>(302) 884-0000 | 20 FENCHURCH STREET<br>LONDON EC3M 3BY<br>+44 (0) 20 7920 9800 |

(212) 701-3833

April 30, 2025

    Re: *Frommer, et al.* v. *MoneyLion Technologies Inc., et al.*, 23-cv-6339-JMF

Dear Judge Furman:

  We write on behalf of MoneyLion in response to Your Honor's questions at the conclusion of expert testimony, regarding the status of certain counterclaims. (Tr. 1250:19-1251:16.)

  MoneyLion withdraws Counts 9-12, 14, 17, and 19, as well as the portion of Count 6 concerning the formation of a voting block.

  As to the portion of Count 6 concerning Sellers' misappropriation of funds, and Count 16, MoneyLion has proven its claims. The evidence shows that Sellers submitted to MoneyLion and reimbursed themselves for more than $185,000 in personal expenses. These expenses consisted of, principally, (i) personal legal expenses that Fox Rothschild provided to Sellers, including in connection with Sellers' disputes with MoneyLion; and (ii) personal travel and entertainment expenses, including a trip to the World Cup in Qatar. (*See* ECF 144 at 122-26.) Sellers claim that their misappropriation was accidental or not willful, but (apart from some self-serving statements) do not offer any evidence to show that the expenses were corporate rather than personal. (*See* ECF 158 at 60-62.) Indeed, Sellers all but admit that their conduct was improper, conceding that "they will reimburse any expenses determined to be truly personal" (*id.* at 61)—which all of these clearly are based on the face of the invoices.

  That said, given the dollar amount at issue compared to the value of the fraud claim, MoneyLion is prepared to withdraw the personal-expense portion of Count 6, and Count 16, to streamline the issues and avoid burdening the Court with a review of voluminous invoices. MoneyLion's withdrawal, however, is contingent on the underlying personal-expense evidence being admitted. This evidence, among other things, demonstrates Sellers' unclean hands, which is one of several reasons why they are not entitled to specific performance. (*See* ECF 160 at 108.)

  MoneyLion maintains the other portions of Count 6, specifically those concerning the 2021 and 2022 Earnout Payments and Sellers' direction of subordinates regarding the misstatement of Malka's finances. (*See* ECF 54 ¶ 228 (ii), (iii).)

CAHILL GORDON & REINDEL LLP

-2-

Respectfully submitted,

*/s/ Sheila C. Ramesh*

Sheila C. Ramesh

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

VIA ECF

Cc:   All counsel of record (via ECF)

The Court deems Counts 9-12, 14, 16, 17, 19, and Count 6, to the extent that it alleges misappropriation of funds, to be withdrawn.  Defendants are free to make any arguments with respect to the remaining claims and counterclaims based on the evidence in the record.

SO ORDERED.

May 1, 2025