# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

1990 K STREET, N.W.
WASHINGTON, DC 20006
(202) 862-8900

221 W. 10th STREET
WILMINGTON, DE 19801
(302) 884-0000

20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

(212) 701-3838

May 8, 2025

Re:    *Frommer, et al.* v. *MoneyLion Technologies Inc., et al.*, 23-cv-6339-JMF

Dear Judge Furman:

We write on behalf of MoneyLion Technologies Inc. and MoneyLion Inc. in response to the Court's inquiry regarding whether *Petróleos de Venezuela S.A.* v. *MUFG Union Bank N.A.,* 235 N.E.3d 949 (N.Y. 2024) (*Petróleos III*) affects this Court's choice-of-law analysis. *See* May 5, 2025 Rough Tr. at 1401:16–1402:12.

MoneyLion respectfully submits that it does not. The weight of authority is clear that *Petróleos III* "did not effectively overrule *Moseley*." *BDO USA, P.C.* v. *Rojas*, 2024 WL 3729581, at *10 (S.D.N.Y. Aug. 8, 2024) (McMahon, J.). On the contrary, **"[s]ince *Petróleos* [*III*]*, courts in this circuit have continued to apply Moseley and the Restatement 'exceptions*.'"  *Id.* at 9 (collecting cases) (emphasis added).[1]  Moreover, *Petróleos III* addressed a narrow question involving a New York choice-of-law provision and is limited to its facts; it has no bearing on whether the MIPA's Delaware choice-of-law clause is enforceable.[2]

### Background

As the Court is aware, the Court of Appeals held in *Ministers and Missionaries Benefit Board* v. *Snow* that "New York courts should not engage in any conflicts analysis where the parties

---

[1] Since *Petróleos III*, at least three cases have applied *Moseley* despite explicitly acknowledging *Petróleos III*. *See BDO*, 2024 WL 3729581 at *10; *Stevens & Co. LLC* v. *Espat*, 2025 WL 950989, at *8 (S.D.N.Y. Mar. 28, 2025) (Liman, J); *Bogoraz L. Firm* v. *Apogee Cap. Fund 5, LLC*, 2025 WL 929708, at *9 (E.D.N.Y. Mar. 27, 2025). Other cases have continued to apply *Moseley* without any mention of *Petróleos III*. *See Dealerwing LLC* v. *Lerner*, 2024 WL 4252497, at *6 (S.D.N.Y. Sept. 19, 2024) (Karas, J.); *LG Cap. Funding, LLC* v. *ExeLED Holdings Inc.*, 2024 WL 1116082, at *16 (S.D.N.Y. Mar. 13, 2024) (Liman, J.); *In re Schenfield*, 659 B.R. 638, 639–40 (Bankr. W.D.N.Y. 2024). Still other cases have applied the analogous "reasonable relationship" test without any mention of *Moseley* or *Petróleos III*. *See Axos Bank* v. *64-03 Realty LLC*, 2024 WL 1435971, at *10 (E.D.N.Y. Apr. 3, 2024) (Kovner, J.); *Al Thani* v. *Hanke*, 2024 WL 4265196, at *28 (S.D.N.Y. Sept. 23, 2024) (Cronan, J.); *In re Orion HealthCorp, Inc.*, 2024 WL 4107233, at *7 (E.D.N.Y. Sept. 5, 2024), *aff'd*, 2025 WL 1129201 (2d Cir. Apr. 15, 2025).

[2] *See* JX065 at DLA_006255 ("This Agreement shall be governed by and construed in accordance with the internal laws of the State of Delaware without giving effect to any choice or conflict of law provision or rule (whether of the State of Delaware of otherwise.)"). The "validity of a contractual choice-of-law clause," however, "must be decided not under the law specified in the clause, but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses." *Fin. One Pub. Co.* v. *Lehman Bros. Special Fin.*, 414 F.3d 325, 332 (2d Cir. 2005).

CAHILL GORDON & REINDEL LLP

-2-

include a choice-of-law provision in their contract, even if the contract is one that does not fall within General Obligations Law § 5–1401." 45 N.E.3d 917, 922 (N.Y. 2015). Despite this seemingly sweeping directive, the Second Circuit has repeatedly held that a choice-of-law provision is enforceable only where the chosen state "has sufficient contacts with the transaction." *Elliott* v. *Cartagena,* 84 F.4th 481, 496 n.14 (2d Cir. 2023) (quoting *United States* v. *Moseley*, 980 F.3d 9, 20 (2d Cir. 2020)). This Court previously held that *Moseley* remains controlling authority, notwithstanding its apparent tension with *Ministers*. *See Willis Re Inc*. v. *Herriott*, 550 F. Supp. 3d 68, 94 (S.D.N.Y. 2021) (Furman, J.).

After *Ministers*, *Moseley*, and *Willis Re*, Judge Failla considered a dispute relating to bonds issued by Venezuela's state oil company. The agreements at issue included New York choice-of-law provisions, and Judge Failla ultimately applied New York law instead of Venezuelan law. *Petróleos de Venezuela S.A.* v. *MUFG Union Bank, N.A.*., 495 F. Supp. 3d 257, 283 (S.D.N.Y. 2020) ("*Petróleos I*"). On appeal, the Second Circuit considered whether the New York Uniform Commercial Code,[3] or alternatively, certain "common law exceptions"[4] might independently render the New York choice-of-law clauses unenforceable. 51 F.4th 456, 460 (2d Cir. 2022) (*Petróleos II*). The Second Circuit ultimately certified three questions for the New York Court of Appeals, including whether "any principle of New York common law" would override the New York choice-of-law clause in the bonds. *Id.* at 475.

The New York Court of Appeals, however, ***declined to answer that certified question***. Instead, the Court of Appeals addressed ***only*** the question as to the relationship between the New York UCC and the enforceability of a New York choice-of-law provision. *Petróleos III*, 235 N.E.3d at 955. The Court of Appeals concluded that Venezuelan law governed the validity of the bonds, but New York law governed all other issues. Citing *Ministers*, the court observed that "[t]he inclusion of a ***New York choice-of-law clause*** in a contract demonstrates the parties' intent that courts not conduct a conflict-of-laws analysis, which thereby 'obviates the application of both common-law conflict-of-laws principles and statutory choice-of-law directives.'" *Id*. (emphasis added) (citation omitted).

### I. *Petróleos III* Does Not Overturn *Moseley*

This Court is "bound to follow the Second Circuit's interpretation of New York law unless and until it is overruled by the Second Circuit itself or it is undermined by 'a more recent decision regarding New York law from the New York Court of Appeals.'" *Willis Re*., 550 F. Supp. at 94 (citation omitted). *Petróleos III* is no such case. The Second Circuit's decision in *Moseley* remains binding. *Petróleos III* did not undermine *Moseley*, but rather consciously chose ***not*** to disturb the ground on which *Moseley* rests. In reviewing the Second Circuit's three certified questions, the

---

[3] The New York Uniform Commercial Code provides, in relevant part, that a court should apply the local law of the issuer of a security in determining the validity of the security. N.Y. U.C.C. § 8-110(a)(1)).

[4] Specifically, the Second Circuit identified the exceptions to enforcement outlined in *Welsbach Elec. Corp.* v. *MasTec N. Am., Inc*., 859 N.E.2d 498 (N.Y. 2006). *Welsbach*, in turn, noted that "courts will enforce a choice-of-law clause so long as the chosen law bears a reasonable relationship to the parties or the transaction." *Id.* at 500.

CAHILL GORDON & REINDEL LLP

-3-

Court of Appeals acknowledged that the common-law question implicated "'important questions about . . . ***potential common law exceptions*** to New York's general approach to enforcing contractual choice-of-law elections' ***that we have 'not addressed'*** . . . ." *Petróleos III*, 235 N.E.3d at 955 (quoting *Petróleos II*, 51 F.4th at 460) (emphases added). Despite that acknowledgment, as Judge McMahon explained in a later opinion in *BDO*, the Court of Appeals opted ***not*** to answer the common-law question, thereby "expressly declin[ing] to answer the certified question that could have overruled *Moseley*." *BDO*, 2024 WL 3729581, at \*10. As Judge McMahon explained further, "[u]nless and until New York's high court instructs our Court of Appeals otherwise, the Restatement exception to choice of law clauses for cases with which the chosen state has no other contact remains intact and applicable. End of story." *Id.* at \*11.

The Second Circuit issued a summary order after *BDO* that leads to the same conclusion. In *DarkPulse, Inc.* v. *Crown Bridge Partners LLC*, 2024 WL 3872725 (2d Cir. Aug. 19, 2024) (summary order), the Second Circuit addressed a Nevada choice-of-law provision and cited *Moseley's* holding that in order to enforce a choice-of-law clause, the chosen state must have "sufficient contacts with the transaction." *Id.* at 2 (quoting *Moseley*, 980 F.3d at 20). And while the *DarkPulse* court cited the Second Circuit's decision in *Petróleos II* for the general proposition that New York Courts often enforce choice-of-law provisions, it did ***not*** cite the subsequent Court of Appeals decision in *Petróleos III*—strongly suggesting that the Circuit viewed *Petróleos III* as having no impact on the *Moseley* rule. *Id.*

### II.  <u>*Petróleos III* Is Limited To Its Facts</u>

Even if the Court were to find that *Petróleos III* implicitly overturned *Moseley*—which it did not—*Petróleos III* must be limited to its facts. *Petróleos III* resolved a narrow and discrete question regarding whether and to what extent the New York Uniform Commercial Code affects the enforcement of a ***New York*** choice-of-law provision. *Petróleos III*, 235 N.E.3d at 957 ("We reaffirm the principle of *IRB–Brasil* and *Ministers* that ***when the parties have chosen New York Law***, a court may not contravene that choice through a common-law conflicts analysis."). This accords with a statutory directive—General Obligation Law Section 5-1401—that is specific to New York choice-of-law clauses and designed to promote enforcement of New York law.[5] As the *Petróleos III* court noted, Section 5-1401 "reflects 'the legislature's desire to ***encourage parties to choose the New York justice system*** to govern their contractual disputes.'" *Petróleos III*, 235 N.E.3d at 956 (quoting *Ministers*, 45 N.E.3d at 917).

Nothing in Section 5-1401 or *Petróleos III* suggests that the New York Court of Appeals intended to abrogate the common-law threshold requirements necessary to enforce ***foreign*** choice-of-law provisions.

---

[5] *See* N.Y. Gen. Oblig. Law § 5-1401 (providing that the parties to any contract not less than $250,000 "may agree that ***the law of this state*** shall govern their rights and duties in whole or in part, ***whether or not such contract, agreement or undertaking bears a reasonable relation*** to ***this state***.") (emphases added).

CAHILL GORDON & REINDEL LLP

-4-

Respectfully submitted,

*/s/ Edward N. Moss*

Edward N. Moss

The Honorable Jesse M. Furman
United States District Judge
United States District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

VIA ECF

Cc:    All counsel of record (via ECF)