# katten

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**+1.212.940.8800 tel**
**katten.com**

ELIOT LAUER
eliot.lauer@katten.com
+1.212.940.6690 direct
+1.212.940.8776 fax

May 8, 2025

**VIA ECF**

Hon. Jesse M. Furman
United States District Court for the Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *Frommer et al. v. MoneyLion Techs. Inc. et al.*, No. 1:23-cv-06339-JMF

Dear Judge Furman:

  We write on behalf of Plaintiffs to address the impact of the New York Court of Appeals' decision in *Petróleos de Venezuela S.A. v. MUFG Union Bank, N.A.*, 235 N.E.3d 949 (N.Y. 2024) on the enforceability of the parties' choice of Delaware law in the MIPA.

  Plaintiffs' view is that while *Petróleos* reaffirms the holding of *Ministers & Missionaries Ben. Bd. v. Snow*, 45 N.E.3d 917 (N.Y. 2015), it does not alter the pre-*Petróleos* landscape that this Court assessed in *Willis Re Inc. v. Herriott*, 550 F. Supp. 3d 68 (S.D.N.Y. 2021), when it concluded that it was obligated to follow *United States v. Moseley*, 980 F.3d 9 (2d Cir. 2020). Under that standard, the Court should find that Delaware has "sufficient contacts with the transaction" to enforce the MIPA's choice of law clause. *Willis Re*, 550 F. Supp. 3d at 94-5 (quoting *Moseley*, 980 F.3d 9, 20).

  <u>First</u>, MoneyLion is incorporated in Delaware, which in "most courts" would alone be "sufficient." *Willis Re*, 550 F. Supp. 3d at 95.

  <u>Second</u>, the relevant agreements between the parties have multiple contacts with Delaware. The MIPA, in addition to choosing Delaware *law*, also chooses Delaware as the *forum* for disputes arising from the contract. JX065 at DLA_006255-56 (Section 9.10(b)). MoneyLion also executed four separate RSAs with Plaintiffs, each of which also selects Delaware law in its choice-of-law provision (PX154 at MoneyLion_001596, PX155 at MoneyLion_001605, PX156 at MoneyLion_001614, PX157 at MoneyLion_001732), meaning that *five* separate agreements between the parties to this action choose Delaware law. *See EMA Fin., LLC v. NFusz, Inc.*, 444 F. Supp. 3d 530 (S.D.N.Y. 2020) (six agreements between the parties, which all chose Nevada in their choice-of-law provisions, was sufficient to establish a reasonable relationship with that state).

  <u>Third</u>, the very subject of the dispute is the issuance of stock of a Delaware corporation, which means the shareholder rights of Sellers vis-à-vis the corporation are also determined by Delaware law under the internal affairs doctrine. *See* Plaintiffs' Closing Demonstrative at Slide

KATTEN MUCHIN ROSENMAN LLP
CENTURY CITY CHARLOTTE CHICAGO DALLAS LOS ANGELES
NEW YORK ORANGE COUNTY SHANGHAI WASHINGTON, DC
A limited liability partnership including professional corporations
LONDON: KATTEN MUCHIN ROSENMAN UK LLP

# Katten

May 8, 2025
Page 2

60 (citing *Capstone Logistics Holdings, Inc. v. Navarrete,* No. 17-CV-4819 (GBD), 2018 WL 6786338 (S.D.N.Y. Oct 25, 2018), *aff'd and remanded in part*, 796 F. App'x 55 (2d Cir. 2020)).

Fourth, the Court could also conclude—without wading into the *Moseley/Ministers* split in this district—that MoneyLion consented to the application of Delaware law by citing Delaware contract law principles in its Proposed Findings of Fact and Conclusions of Law (ECF No. 144) without any choice of law analysis.  *See* Plaintiffs' Closing Demonstrative at Slide 60; *Chartwell RX, LLC v. Inmar, Inc.*, 620 F. Supp. 3d 59 (S.D.N.Y. 2022).

Finally, in a case where both parties are asking the Court to balance the equities, we must note the ***in***equity of MoneyLion's position that the Court should disregard the MIPA's Delaware choice of law provision.  It was MoneyLion and its counsel that drafted the MIPA to choose Delaware and its "contractarian law" in the first instance.  JX017 at DLA_000813 (Oct. 7, 2021 Email from DLA Piper to Fox Rothschild attaching initial draft MIPA including Delaware choice of law provision in Section 9.10(a)).  While MoneyLion was happy for Delaware law to govern the MIPA (and the RSAs) when it suited MoneyLion, now that it has breached the MIPA and faces the potential consequence of its choice of law, it asks the Court to disregard it.[1]

For all of these reasons, Plaintiffs respectfully submit that the combined import of this Court's, the Second Circuit's, and the New York Court of Appeals' decisions requires enforcement of the parties' choice of Delaware law in the MIPA.

Respectfully submitted,

*/s/ Eliot Lauer*

Eliot Lauer

---

[1] MoneyLion seeks to avoid Delaware law for two reasons: its strong policy enforcing specific performance clauses (see *Am. Healthcare Admin. Servs., Inc. v. Aizen*, 285 A.3d 461 (Del. Ch. 2022)) and its recognition that, in an action arising under contract, a party deprived of the benefit of receiving property of fluctuating value (like stock) will be entitled to damages calculated using the highest intermediate price of the asset over a reasonable period following the breach (*see Duncan v. Theratx, Inc.*, 775 A.2d 1019 (Del. 2001)).  MoneyLion contends that New York law would not permit specific performance or highest intermediate price-based damages (ML Opp. at 108-14, 119-27).