# Katten

**50 Rockefeller Plaza**
**New York, NY 10020-1605**
**+1.212.940.8800 tel**
**katten.com**

**NATHANIEL AMENT-STONE**
nathaniel.ament-stone@katten.com
+1.212.940.6593 direct

October 29, 2025

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Frommer et al. v. MoneyLion Techs. Inc.* No. 23-cv-6339
      **Unopposed Letter-Motion to Seal**

Dear Judge Furman:

On behalf of Plaintiffs, we write pursuant to Rule 7 of Your Honor's Individual Practices and paragraph 13 of the Stipulated Confidentiality Agreement and Protective Order (ECF No. 74) (the "Protective Order"), to request leave to file certain of Plaintiffs' October 29, 2025 submissions under seal in the above-referenced litigation (the "Action").

Specifically, Plaintiffs request to file under seal the following submissions, with public filings redacted as appropriate: (i) Plaintiffs' Memorandum in Support of Motion to Fix Their Attorneys' Fees, Costs, and Prejudgment Interest, and (ii) the Declaration of Evan S. Borenstein (the "Borenstein Declaration") and Exhibits A through W thereto (collectively, the "Confidential Submissions").

On February 9, 2024, the Court entered the Protective Order, which governs the use and handling of confidential documents and information produced in the Action. Pursuant to Section 1 of the Protective Order, the producing party may designate Discovery Material as "Confidential" if it reasonably and in good faith believes that the Discovery Material contains "confidential personal, financial or investment information, medical records, personnel records, or such other sensitive commercial information that is not publicly available . . ." Section 1 also provides that the producing party may designate Discovery Material as "Attorneys' Eyes Only" if it reasonably and in good faith believes that the Discovery Material "qualif[ies] for a heightened level of protection under Federal Rule of Civil Procedure 26(c), including highly sensitive financial or marketing information, competitive technical information, or competitive business information . . ." Section 13 provides that any party or person seeking to file materials under seal must comply with Rule 7 of the Court's Individual Practices.

Pursuant to the Protective Order and this Court's Individual Practices, Plaintiffs, MoneyLion, and certain non-parties have produced certain documents designated as "Confidential" or "Attorneys' Eyes Only" in the Action. This includes the engagement and investment agreements and law firm invoices appended as Exhibits A through V, and the resulting

# Katten

October 29, 2025
Page 2

calculations appended as Exhibit W, to the Borenstein Declaration. To protect Plaintiffs' confidential information (including detailed information about Plaintiffs' contractual arrangements with their counsel and litigation funder, and the work performed by counsel) from disclosure, Plaintiffs seek leave to submit the Confidential Submissions under seal (accompanied by publicly filed redacted versions of the memorandum of law and declaration).

Although "there is a common law presumption in favor of permitting public access to judicial documents," this presumption must be balanced against "the privacy interest of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)). Courts in this district routinely grant requests to seal where the privacy interest is confidential business materials. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 510-11 (S.D.N.Y. 2015). Such privacy concerns also extend to the documents of third parties, including Plaintiffs' counsel, litigation funder, expert witnesses, and other vendors. *See, e.g.*, *Sec. & Exch. Comm'n v. Telegram Grp., Inc.*, No. 19-cv-9439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) ("[P]rotecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents.").

Accordingly, Plaintiffs respectfully request that the Court authorize Plaintiffs to file the Confidential Submissions under seal and publicly file the Confidential Submissions with redactions as proposed. Counsel for MoneyLion does not oppose this motion.

Respectfully submitted,

*/s/ Nathaniel Ament-Stone*
Nathaniel Ament-Stone

cc: All counsel of record (via ECF)

---

The motion to seal is granted temporarily. The Court will assess whether to keep the materials at issue sealed or redacted when deciding the underlying motion. The Clerk of Court is directed to terminate ECF No. 243.

SO ORDERED.

*[signature]*

October 30, 2025